[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has brought this action by a four count complaint. The first count alleges entry and detainer and seeks double damages provided by § 47a-46 of the Connecticut General Statutes. This count was thoroughly briefed by the plaintiff. The second count alleges conversion or theft. The third count alleges intentional infliction of emotional distress. The fourth count alleges a CUTPA claim. These three counts were not briefed by the plaintiff and, therefore, the court treats these claims as being abandoned.
At the conclusion of a hearing before the court on November 9, 1995, the court found that the defendant, Joseph Cannizzaro, peaceably entered the premises known as 77 Sugar Street, Newtown, Connecticut and caused in various combinations damage to or removal of or detention of the personal property of the plaintiff located at said premises at a time when she was rightfully in possession of said premises as a joint possessor with the defendant.
While the plaintiff was on a weekend trip to Massachusetts, the defendant, with the assistance of others, proceeded to remove all of the personal property of the plaintiff, including furniture, china, collectibles, clothes and linens that were situated within the dwelling jointly possessed by the plaintiff with the defendant. This property was removed in a careless and abusive manner and placed in outbuildings on the property. In addition, many pieces of property were not accounted for.
The plaintiff, on return from her weekend trip to Massachusetts, found herself locked out of the dwelling and observed the vacant condition of the dwelling as it related to her property. After negotiations by plaintiff's attorney, CT Page 4054-A permission was received from the defendant permitting the plaintiff to come upon the property and retrieve the articles remaining on the property that had been haphazardly stored in the outbuildings.
The plaintiff had a valuable collection of Hummel and Lladro figurines that were on the premises when she left for her weekend trip, but they were not recovered when she retrieved the articles contained in the outbuildings. In addition, other objects were missing such as linens, china, clothes, jewelry, footwear and luggage. The plaintiff, in addition to sustaining the loss of the aforedescribed items, recovered many of her pieces of property in a damaged condition due to the careless manner in which they were removed and stored by the defendant.
Having heard the testimony of the parties concerning the extent of the loss sustained by the plaintiff caused by the improper action of the defendant, the court finds that the plaintiff sustained damages in the amount of $14,500 (based on a finding of $2,500 for damages to recovered property and $12,000 for property that was present at the premises prior to the entry and detainer, but not recovered by the plaintiff).
The last issue to be addressed by the court is the question of the appropriateness of an award of double damages as allowed under the provisions of § 47a-46 of the Connecticut General Statutes.
The facts in this case reveal a defendant who had little or no regard for the rights or interests of the plaintiff concerning her possessory interest in the premises and the protection afforded by the premises to her property. During a legitimate absence by the plaintiff, the defendant unilaterally seized control of plaintiff's personal property and allowed it to be abused or taken. This is the very action which §§ 47a-43 and47a-46 were intended to prevent. Freeman v. Alamo Management Co.,221 Conn. 674, 684. It is the court's determination, after examining the facts of this case, that the defendant's acts come within the description of § 47a-46 in that the defendant injured the plaintiff by entering the dwelling unit and caused damage to, removal of and detention of various items of personal property of defendant's joint possessor of the premises, the plaintiff.
The plaintiff may therefore recover double damages in the sum CT Page 4054-B of $29,000 and her costs against the defendant.
Judgment may enter in accordance with the foregoing.
Stodolink, J.